IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 114-098 |
| | ) | |
| ANTONIO LAQUINN BUTLER | ) | |

_____

**O R D E R**

_____

Before the Court are the various pre-trial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

## GENERAL DISCOVERY MOTION

As to Defendant's general discovery requests, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, presumably because of the government's statement that it has followed in this case its customary practice of providing liberal discovery by furnishing Defendant with the investigative reports, scientific reports (if any), and other documents material to the case (attorney and agent work product excepted). (Doc. no. 30, p. 1.) All known statements by Defendant, as well as his criminal record, have also been provided. (Id. at 2.) Accordingly, the Court finds that the position of the United States

Attorney in permitting liberal disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**. (Doc. no. 17.)

### MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

The Court **DENIES** this motion. (Doc. no. 9.) The Court ordered that all motions in this case were to be filed within fourteen days of the date of arraignment. A motion may not be filed outside the deadlines set at arraignment except by leave of court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c), (e). This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

### MOTIONS FOR DISCLOSURE OF NAMES, ADDRESSES, AND CRIMINAL RECORDS OF WITNESSES

Defendant has filed multiple motions requesting that the government be ordered to furnish the names and addresses, as well as the criminal records, of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than fourteen days prior to trial. Therefore, the Court **DENIES** this motion for a witness list. (Doc. no. 20.) However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963).

The Court next turns to the requests for the disclosure of prior criminal conduct and uncharged bad acts of witnesses.[1,2] The Confrontation Clause guarantees defendants an opportunity to impeach the testimony of prosecution witnesses through cross examination. United States v. Maxwell, 579 F.3d 1282, 1295-96 (11th Cir. 2009); United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). However, this right is not unlimited. Although Federal Rule of Evidence 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are probative of the witness's truthfulness or untruthfulness," such as forgery, bribery, misrepresentation, fraud, perjury, receipt of stolen property, robbery, and theft. 4-608 Weinstein's Federal Evidence § 608.22. Moreover, the government has stated its intent to provide, one week prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Federal Rule of Evidence 609. (Doc. no. 30, pp. 1, 4.) Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's requests for disclosure of prior crimes of witnesses are **DENIED**. (Doc. nos. 10, 11,

---

[1] To the extent that one of the motions also requests Defendant's own criminal history (doc. no. 13, p. 1), that request is moot in light of the government's disclosure that the information has already been provided (doc. no. 30, p. 2).

[2] Although one of the motions is entitled, "Motion for 404(b) Evidence," the text of the motion requests "records and information revealing prior misconduct or bad acts attributed to the witness; particularly those which may be admissible under Fed. R. Evid. 608(b) to impeach the witness' truthfulness." (Doc. no. 10.) Thus, the Court treats the motion as one requesting information about prior bad acts or crimes of witnesses. In any event, in its Arraignment Order dated October 17, 2014 (doc. no. 18), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosures in accordance with the Local Rules. Accordingly, any motion requesting 404(b) disclosures, which the government has already been directed to make, would be moot.

13.)

## MOTIONS TO COMPEL DISCLOSURE OF PROMISES OF IMMUNITY

Defendant moves to compel disclosure by the government of any promises for immunity, leniency or preferential treatment made to any prosecution witness, informant or cooperating defendant, including copies of applicable indictments and plea agreements. The government has agreed to provide this material to the defense pursuant to its continuing obligation under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), (doc. no. 30, pp. 2, 4), thereby making these motions **MOOT**. (Doc. nos. 12, 23.)

## MOTION FOR PRODUCTION OF DEFENDANT'S STATEMENTS

In light of the government's liberal discovery policy and its disclosure that all known statements by Defendant have been produced (doc. no. 30, p. 2), the request for the production of Defendant's own statements is **MOOT**. (Doc. no. 14.)

## MOTIONS FOR DISCLOSURE OF
## EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. nos. 15, 16.) To some extent, Defendant's requests exceed the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). The Court **GRANTS** the motions to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known. The government must disclose impeaching information not less than fourteen days prior to trial.

## MOTION FOR DISCLOSURE OF EXAMINATIONS AND TESTS

Defendant moves for disclosure of the results of any tests or examinations which are in the custody or control of the government, including tests conducted on defendants and witnesses. To the extent that Defendant is requesting information under Federal Rule of Criminal Procedure 16(a)(1)(F) and (G), the government will be disclosing this information through its liberal discovery policy. Indeed, the government states that the results of any scientific tests have been provided, and if any additional tests are conducted, the results will be provided upon receipt. (Doc. no. 30, p. 2.) To the extent that Defendant requests information beyond Rule 16(a)(1), the Court **DENIES** the motion. (Doc. no. 19.)

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). Yet because the government does not oppose the motion and early disclosure of Jencks Act material will avoid unnecessary delay and inconvenience to the Court and jury, the Court **INSTRUCTS** the government to provide Jencks Act material fourteen days prior to trial. (Doc. no. 21.)

## PRELIMINARY MOTION TO SUPPRESS

Defendant apparently filed this motion to preserve the right to particularize his request for suppression of statements at a later date. However, a motion may not be filed outside the deadlines set at arraignment except by leave of court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c), (e). Because the

motion was filed without the supporting affidavit or evidentiary citations required by Local Criminal Rule 12.1, the Court issued an order on October 20, 2014 instructing Defendant that if he intended to particularize his motion in accordance with Local Criminal Rule 12.1, he must do so by November 5, 2014. (See doc. no. 25.) Defendant failed to file a particularized motion, and this motion is a **NULLITY**. (Doc. no. 24.) Should Defendant desire to file a particularized motion in the future, he must adequately explain his failure to timely file the same.

SO ORDERED this 13th day of November, 2014, at Augusta, Georgia.


BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA